FRANK A. CHAMPLIN, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The defendant received, as a common carrier for transportation from Friendship, in the State of New York, to the city of Passaic, in this state, a carload of baled hay consigned to the plaintiff, of the arrival of which at Passaic he was notified, and it not being unloaded within forty-eight hours the defendant thereafter held it as a warehouseman, and while so held, it was destroyed by fire. The plaintiff brought this suit to recover the value of the hay, alleging that the loss occurred because of defendant's negligence, and the trial court directed a verdict for defendant from which plaintiff appeals. If there was any evidence from which a jury might infer negligence, then the direction was erroneous. There were facts proven which justify the inference that defendant transported

the hay to its destination and notified plaintiff of its arrival, who neglected to remove it within forty-eight hours, and thereupon the duty imposed on defendant was that of warehousing the hay; that it was not put in any building but in an open railroad yard readily approachable by anyone from an adjacent public street, and that while in this position the hay was partially destroyed by fire. We are of opinion that when a warehouseman places a car of inflammable material like hay in an open yard, subject to approach by any stranger, without sufficient guarding to prevent its ignition, the question whether the defendant exercised such reasonable care as its duty as warehouseman required was for the jury, and a direction for defendant was error.

"We also think it was error to exclude proof of the occurrence of other cases of burning of hay stored in this yard, for it had a tendency to show that hay stored in this place was liable to ignition and had a bearing upon the question of care necessary to be exercised in preventing fires in the place chosen as a warehouse. Plaintiff also urges that it was error to exclude a question asked of a witness who, after testifying that he was in the yard nearly every day, was asked whether he ever saw or knew of a watchman being in the yard, this was overruled and an exception taken. This ruling was erroneous for at least two reasons—(*a*) the defendant had offered proof that it maintained a watchman in the yard, and the rejected testimony tended to contradict this; (*b*) the witness had already testified that the yard was open, so that anyone could pass through and about it; so, that if under such conditions the jury could find that a watchman was necessary, the absence of one would have a bearing on the degree of reasonable care exercised.

. "The judgment will be reversed."

For the respondent, *Henry C. Beecher*.

For the appellant, *George S. Hobart*.

Per Curiam.

We agree with the Supreme Court's result and substantially with its opinion. To avoid a misconception, however, we think it well to say that the language of the opinion as to "placing a car of inflammable material like hay in an open yard, subject to approach by any stranger without sufficient guarding to prevent its ignition," must not be construed so as to make the railroad company an insurer; its duty is to exercise reasonable care to guard the property, as the Supreme Court said, a care which must of course be commensurate with the danger.

The question asked of the witness as to seeing or knowing of a watchman in the yard was admissible in rebuttal, for the reason given by the Supreme Court. It was unnecessary to go further.

In view of the fact that this was an interstate shipment, we think it well to call attention to the recent decision of the United States Supreme Court as to the burden of proof in this class of cases. *Southern Railway Co.* v. *Prescott,* 240 *U. S.* 632.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Trenchard, Minturn, Kalisch, Black, White, Heppenheimer, Williams, JJ. 10.

*For reversal*—None.